1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  PHILLIP DUNN,                                    CASE NO. 1:08-cv-00368-OWW-SMS PC

10              Plaintiff,                          ORDER DISMISSING COMPLAINT, WITH
                                                   LEAVE TO FILE AMENDED COMPLAINT
11        v.                                        WITHIN THIRTY DAYS

12  A. SCHWARZENEGGER, et al.,                      (Doc. 1)

13              Defendants.
   _____/
14

15                                      **Screening Order**

16  **I.    Screening Requirement**

17        Plaintiff Phillip Dunn ("Plaintiff") is a state prisoner in the custody of the California

18  Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this

19  civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 14, 2008.

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2   exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.
3   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6   grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading
7   standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330
8   n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9   of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257
10  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

11  **II.     <u>Plaintiff's Claims</u>**

12      Plaintiff is currently housed at the California Substance Abuse Treatment Facility and State
13  Prison in Corcoran. Plaintiff alleges that his rights under the Eighth Amendment of the United
14  States Constitution are being violated with respect to medical care, including but not limited to the
15  failure to provide him with pain management for his severe, chronic back condition and the failure
16  to provide him with a wheelchair for a period of nine months, during which time he was not able to
17  walk well. Plaintiff names Governor Arnold Schwarzenegger and unspecified staff members at
18  multiple prisons as defendants, and is seeking money damages and injunctive relief.

19      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
20  must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096
21  (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part
22  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
23  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
24  the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
25  deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059
26  (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th
27  Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a
28  ///

purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

"[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin, 974 F.2d at 1059-1060); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Further, a *complete* denial of medical care is not required to show deliberate indifference. Lopez, 203 F.3d at 1132 (emphasis added). "The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). "[M]edical staff must be competent to examine prisoners and diagnose illnesses," and must either "be able to treat medical problems or to refer prisoners to others who can." Id.

Based on Plaintiff's allegations, it appears that Plaintiff may be able to state a claim against one or more prison officials for violation of the Eighth Amendment. However, under section 1983, Plaintiff is required to show that each defendant named in the complaint (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

In order to state a claim, Plaintiff must link specific defendants with specific conduct that violated his rights. Plaintiff may not proceed under section 1983 based on a general description of his medical problems and without identifying, either by name or via Doe 1, Doe 2, etc., the

///

individuals responsible for the violation of his rights.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing this deficiency.

With respect to Governor Schwarzenegger, Plaintiff must allege facts that would support a claim that he personally was deliberately indifferent to Plaintiff's medical needs or was responsible for a policy or practice that constituted deliberate indifference.  Hydrick, 500 F.3d at 988.  Citation to other litigation in which the Governor is a party is not sufficient to establish liability for the violation of Plaintiff's constitutional rights as raised in this action.  Further, in order to seek money damages from Governor Schwarzenegger, suit must be brought against him in his individual capacity.  Id. at 987.  The Eleventh Amendment bars suits for money damages brought against state officials in their official capacities, although suits for prospective injunctive relief are not barred.[1] Id. at 986-87.

## III.   Conclusion and Recommendation

Plaintiff's complaint is dismissed, with leave to amend to cure the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff may not proceed in this action on a myriad of unrelated claims against different staff members at different prisons with the only commonality being that they involve medical care in general.  Fed. R. Civ. P. 18(a); George, 507 F.3d at 607.  Plaintiff needs to select a medical issue (e.g., the failure to manage his chronic, severe pain) upon which to proceed in this action.  Other *unrelated* medical issues must be raised in a separate action.

---

[1] The prison medical system is under a receivership at this time, and this Court cannot intervene and provide Plaintiff with any equitable relief that is covered in a pending class action.  "[A] civil rights action is not the proper means by which to enforce a remedial decree."  Rogers v. Schriro, No. CV 07-0142-PHX-MHM (JRI), 2007 WL 2808226, *2 (D. Ariz. Sept. 25, 2007) (citations omitted).  Plaintiff's recourse with respect to equitable relief covered by the pending class action(s) relating to medical care is to send a written complaint or inquiry to:

> J. Clark Kelso, Receiver
> c/o California Department of Corrections and Rehabilitation
> Controlled Correspondence Unit
> P. O. Box 4038
> Sacramento, CA 95812-4038.

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

2    named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

3    Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be

4    [sufficient] to raise a right to relief above the speculative level . . . ."   Bell Atlantic Corp. v.

5    Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

6    With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ.

7    P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).   The

8    Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to

9    confuse the record and burden the Court, or (2) they are intended as future evidence.   If this action

10   reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary

11   judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

12   Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

13   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

14   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

15   pleading," Local Rule 15-220.   Plaintiff is warned that "[a]ll causes of action alleged in an original

16   complaint which are not alleged in an amended complaint are waived."   King, 814 F.2d at 567 (citing

17   to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

18   1474.

19   Based on the foregoing, it is HEREBY ORDERED that:

20   1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

21   2.    Plaintiff's complaint is dismissed, with leave to file an amended complaint within

22   **thirty (30) days** from the date of service of this order; and

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1         3.       If Plaintiff fails to comply with this order, this action will be dismissed for failure to

2       state a claim upon which relief may be granted.

3

4  IT IS SO ORDERED.

5  **Dated:**    **September 19, 2008**             **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28